## Downing v. City of Erie et al.

*G. A. McNelis, Chase & Fillinger*, for plaintiff.

*Edward M. Murphy, Henry R. Jeffs* and *Maurice J. Coughlin*, for City of Erie and city treasurer.

*William J. Carney*, for school district.

*J. B. Held*, for County of Erie.

*English, Quinn, Leemhuis & Plate*, for National Surety Corp.

LAUB, J., December 23, 1948.—Plaintiff filed a bill in equity against above defendants and seeks thereby to restrain full consummation of a contract entered into between C. Francis Hagerty, Treasurer of the City of Erie, and National Surety Corporation. The City of Erie and the School District of the City of Erie filed answers to the bill. The County of Erie and the National Surety Corporation have filed preliminary objections to the bill, and it is this action on their part which requires the present opinion.

The bill alleges, in substance, that the city treasurer is required by law to file a bond, approved by the city council, the premium for which must be paid by the City of Erie, the school district and the county. It further alleges that on December 17, 1947, the city treasurer contracted with the National Surety Corporation for a surety bond, the total premium of which was in excess of $17,000; that on January 2, 1948, the council for the city accepted the bond and ordered it filed. The bill further sets forth that on December 20, 1947, the Peerless Casualty Company of New Hampshire offered to write the same bond for a total premium of $2,671 less than that contracted for; that the Peerless Casualty Company is a duly qualified company with an "A plus" rating and is ready and willing to execute the required bond. The crux of plaintiff's complaint lies in the last paragraph of the bill which charges the above-described actions of city council as illegal, arbitrary, capricious, wasteful, an abuse of

discretion, shows lack of good faith, skill and care in letting contracts, and is a disregard of duty and is in violation of the law.

Since the Act of May 17, 1939, P. L. 153, 53 PS §12198-1402, provides for the giving of a bond by the city treasurer which is to be approved by the city council, it is difficult to understand plaintiff's position. The factual allegations of the bill support the conclusion that the conditions of the statute have been complied with unless it be assumed that since the Peerless Casualty Company has offered to furnish the bond for a lesser sum, this alone makes the contract illegal and improper. We do not so understand the law. The Act of May 25, 1945, P. L. 1048, 53 PS §12198-1902, which establishes the method of letting municipal contracts in third class cities, eliminates contracts for surety bonds from the general requirement that the award be made to the lowest bidder. And, even in those cases where such award must be made, the mere allegation that there were lower bidders does not suffice to establish that such bidders were responsible within the concept of law.

Examination then of the present bill discloses nothing of a factual nature which could justify a decree. All of the allegations in the last paragraph of the bill are conclusions which must, if plaintiff is to prevail, be supported by factual allegations and supporting proof. The presumption is that public officers charged with the duty of executing plans for the public good do so in a manner consistent with law. Those who challenge their actions must assume the heavy burden of showing the contrary, and courts are reluctant to interfere with municipal contracts unless this burden has been met: Wilson et al. v. New Castle City et al., 301 Pa. 358. It therefore follows that the present bill is faulty in that no cause of action is shown.

We are mindful of the mandate of Equity Rule 49 which requires us, in sustaining preliminary objections of this character, to allow an amendment.

And now, to wit, December 23, 1948, the preliminary objections are sustained and the bill is dismissed unless plaintiff, within 15 days, amends his bill.